UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

                                      CRIMINAL CASE NO. 05-50078

v.

FRANK HENRY HALL,                      HONORABLE PAUL V. GADOLA
                                                  U.S. DISTRICT COURT
                Defendant.
_____/

**<u>ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS</u>**

      Defendant Frank Henry Hall is charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Before the Court is Defendant's motion to suppress statements, filed on November 22, 2006. The Court held an evidentiary hearing on the matter and supplemental briefings were filed by both parties. For the reasons stated below, the Court will deny the motion to suppress.

      **I.**      **Background**

      On January 13, 2005, a search warrant was executed for a house at 625 W. Marengo Ave., Flint, Michigan. Upon finding Defendant and a female present in the house, law enforcement handcuffed both individuals. A search of the house revealed two firearms located in the basement. One of the agents conducting the search, Agent Jakebowski, testified at the evidentiary hearing that after being told that the firearms had been discovered in the basement, he went down into the basement in order to photograph the firearms. Being concerned about the safety of the firearms, Jakebowski ran back up the stairs to the main floor and called out to another agent, asking whether anyone had unloaded the firearms. Jakebowski testified that Defendant then interjected that the firearms were unloaded and that one was also broken. Jakebowski then asked Defendant where he

had obtained the weapons. Defendant replied that he had received the firearms from a "crack-head" on the street and had put them in the basement.

In his motion, Defendant argues that his statements should be suppressed because they were made while Defendant was in custody, in response to interrogation, and without a waiver of his *Miranda* rights. In its supplemental brief filed December 13, 2006, the government indicates that it will not offer Defendant's second statement about receiving the weapons from a "crack-head" and putting them in the basement, apparently conceding that Defendant was in custody within the meaning of *Miranda v. Arizona*, 384 U.S. 4866 (1966) and that this second statement is inadmissible. Accordingly, what remains before the Court is whether Defendant's first statement about the firearms being unloaded and broken should be suppressed or not.

**II.     Analysis**

Statements made by a person in custody elicited by interrogation before the person has waived his *Miranda* rights are generally not admissible. *See Miranda v. Arizona*, 384 U.S. 4866 (1966). It is undisputed that Defendant was handcuffed by law enforcement conducting a search of the house. Because there is no evidence that Defendant was advised that he was handcuffed only temporarily for safety reasons, the government apparently concedes that Defendant was in custody. *See United States v. Newton*, 369 F.3d 659, 676-77 (2d Cir. 2004). It is also undisputed that Defendant had not waived his *Miranda* rights at the time that he made his statements. Thus, the only issue is whether Defendant's first statement to law enforcement was volunteered or elicited by interrogation.

"Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." *Miranda*, 384 U.S. at 478. If Defendant's first statement was not made in response to interrogation but volunteered, then suppression is not

2

necessary. *See United States v. Cole*, 315 F.3d 633, 636 (6th Cir. 2003). "Interrogation" is defined by the Supreme Court as "words or actions on the part of police officers that they should [know are] reasonably likely to elicit an incriminating response." *Rhode Island v. Innis*, 446 U.S. 291, 302 (1980) (emphasis omitted).

In the current case, Agent Jakebowski testified that he wanted to confirm the safety of the firearms before photographing them. As he was coming up the stairs from the basement, Jakebowski called out to another agent, inquiring whether anyone had unloaded the firearms. Jakebowski testified that Defendant, who was in the kitchen at this time, interjected that the firearms were unloaded and that one of the firearms was broken.

Considering the totality of the circumstances, the Court finds that Defendant's statement does not require suppression. Jakebowski's inquiry to another agent as he was coming up from the basement was not a question specifically directed at Defendant, and thus, it was not reasonably likely to elicit a response from Defendant. Jakebowski simply called out an inquiry to another agent and Defendant voluntarily interjected. Consequently, since Defendant's first statement was not made in response to interrogation but was volunteered, it need not be suppressed.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion to suppress [docket entry 10] is **DENIED**.

**SO ORDERED.**

Dated:   January 26, 2007                                s/Paul V. Gadola
                                                         HONORABLE PAUL V. GADOLA
                                                         UNITED STATES DISTRICT JUDGE

3

Certificate of Service

I hereby certify that on   January 26, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
              Robert W. Haviland; Kenneth R. Sasse                  , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                     .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845